/// **MIDLAND MORTGAGE**

*A division of MidFirst Bank*

AUGUST 28, 2025

KIMBERLY A HUGHES AKA KIMBERLY
HUGHES & BRIAN D SHERR
217 ONTARIO AVE
EGG HARBOR TOWNSHIP NJ 08234

# Read, sign and return.

Please return the enclosed documents to us by
SEPTEMBER 14, 2025

Dear Homeowner:

Congratulations, you are now ready to complete the COVID-19 home retention mortgage assistance plan documents. These documents must be returned by SEPTEMBER 14, 2025, and they include two parts: a HUD partial claim and a loan modification.

1. The HUD partial claim is an interest-free loan from HUD that doesn't have to be repaid until the first mortgage is paid off or until the borrower no longer owns the property.
2. The loan modification is an agreement between you and MidFirst Bank which modifies the existing note and related mortgage.

Enclosed for your review and signature are two copies of the HUD Partial Claim Promissory Note and Subordinate Mortgage/Deed of Trust and two copies of the Loan Modification Agreement.

Part 1, the HUD Partial Claim, is a new, interest-free loan from HUD that does not become due until the earlier of: (i) payoff or refinance of the Primary Loan; (ii) sale of the property; (iii) maturity of the Primary Loan or the date of its acceleration; or (iv) the Primary Loan is no longer insured by HUD. The Partial Claim loan is secured by a subordinate lien on the property. This Partial Claim will be in the amount of **$98,040.41**.

Part 2 is a Loan Modification Agreement that modifies the Primary Loan. The basic terms of the modification are as outlined below:

| MODIFIED TERMS | |
|---|---|
| Principal Balance | $244,178.74 |
| Interest Rate | 7.1250% |
| Maturity Date | SEPTEMBER 1, 2065 |
| **MODIFIED PAYMENT** | |
| Principal and Interest Payment | $1,539.62 |
| Escrow Payment | $990.66[1] |
| **Total Payment** | **$2,530.28** |

*[1] – Subject to change at next Escrow Analysis*

For information on the current terms of your loan, please refer to your monthly billing statement. Please note that as part of the loan modification agreement, any Primary Loan principal included in the HUD partial claim will be applied to reduce the total unpaid principal balance of the Primary Loan. This amount will be repaid to HUD when the HUD Partial Claim becomes due as described above.

**To complete your loan modification and partial claim plan documents, all borrowers must follow the enclosed instructions exactly, and sign the documents in front of a notary public, then return to Midland two fully signed originals of the HUD Partial Claim documents and two fully signed originals of the Loan Modification Agreement.**

# /// MIDLAND MORTGAGE

*A division of MidFirst Bank*

By signing the attached documents, you are acknowledging that you have read, understand, and agree to the terms of the Loan Modification Agreement and HUD Partial Claim, including the terms outlined above. Once the signed and notarized plan documents are received and accepted by Midland, we will waive all outstanding late charges through the effective date of your plan.

**The signed documents must be returned by SEPTEMBER 14, 2025.**

**Your first payment under the Loan Modification Agreement in the amount of $2,530.28 is due on or before OCTOBER 1, 2025.** You may send your first payment with the signed HUD Partial Claim documents and Loan Modification Agreements. Please be aware that failure to timely return all required documents by the deadline may disqualify you from the program. In such a case, the collection and/or foreclosure process may proceed without further notice to you. A loan modification may extend the term of the loan, or, in some cases, increase the payment amount. Please read the plan documents carefully, make sure you understand the modified terms, and contact us with any questions.

We report the status of the loan, including a loan modification, to credit reporting bureaus. Mortgage payment assistance plans may adversely affect credit scores. For more information about credit scores, go to consumer.ftc.gov.

If you have any questions, please call 800-552-3000 Monday – Friday 8 a.m. to 7 p.m. or Saturday 9 a.m. to 1 p.m. Central time.

Sincerely,

Midland Mortgage, a division of MidFirst Bank

**Notice:** If your loan was in default when MidFirst Bank obtained it, and you have not filed bankruptcy or received a discharge of the debt secured by the Mortgage/Deed of Trust, we are required to inform you that this communication is from a debt collector. If you have received a bankruptcy discharge of the debt secured by the Mortgage/Deed of Trust, or you are currently in bankruptcy under the protection of an automatic stay, this letter is not an attempt to collect the debt from you personally and is for informational purposes only.
**Notice to Connecticut and North Carolina Residents:** The purpose of this communication is to collect a debt.
**Notice to Vermont Residents:** This is an attempt to collect a debt and any information obtained will be used for that purpose.



# MIDLAND MORTGAGE

*A division of MidFirst Bank*



# Read These Instructions Before Signing Your Plan Documents

## Helpful tips and reminders:

✓ Please follow these directions exactly or your mortgage assistance plan could be delayed!
✓ Two sets of the Loan Modification Agreement & Partial Claim Agreement are enclosed. Both will be returned to Midland using the mailing information below.
✓ USE BLACK INK ONLY, or your plan documents may be delayed or rejected.
✓ Do not change the documents in any way. Please call 800-552-3000 with any questions about the documents or the details of your mortgage assistance plan.

## Instructions for document signers:

☐ Sign all copies of the Loan Modification & Partial Claim in front of a notary.
☐ Sign names in black ink on all sets of documents exactly as they appear - don't forget middle initials, middle names, Jr./Sr., etc.
☐ Sign both sets of documents in all places where names appear.

## Instructions for the notary:

☐ Use black ink for the notary stamp and signature.
☐ Complete the date of acknowledgement.
☐ List your notary expiration date.
☐ Include your notary stamp and/or seal on the acknowledgement pages.
☐ Ensure the notary seal is in a blank space and does not cover text or signatures.

*By Overnight Courier (UPS, FedEx, Etc.)*
Midland Mortgage - A Division of MidFirst Bank
Attn: MAC
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118

*By US Mail*
Midland Mortgage - A Division of MidFirst Bank
Attn: MAC
P.O. Box 268806
Oklahoma City, OK 73126-8806

*59304807*

FHA Case No.: 3518340447703

# PROMISSORY NOTE

| AUGUST 28, 2025 | EGG HARBOR TOWNSHIP | NEW JERSEY |
|---|---|---|
| [Date] | [City] | [State] |

**217 ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW JERSEY 08234**
[Property Address]

1.  **PARTIES**

    "Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

2.  **BORROWER'S PROMISE TO PAY**

    In return for a loan received from Lender, Borrower promises to pay the principal sum of **NINETY-EIGHT THOUSAND FORTY DOLLARS AND 41 CENTS** (U.S. **$98,040.41**), to the order of Lender.

3.  **PROMISE TO PAY SECURED**

    Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4.  **PAYMENT OF PARTIAL CLAIM**

    **(A) Time.**

    HUD will not require payment on the Partial Claim until the first of the following events occurs:

    (i) The maturity of the Mortgage, **SEPTEMBER 1, 2065**, the sale of the Property, the Payoff of the Mortgage, or

    (ii) if provided for under the Partial Claim note, the termination of FHA insurance, except that HUD will agree to subordinate the Partial Claim note to an FHA-Streamline Refinance.

    **(B) Place.**

    Payment shall be made at the **Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410** or any such other place as Lender may designate in writing by notice to Borrower.

5.  **BORROWER'S RIGHT TO PREPAY**

    Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

6.  **WAIVERS**

    Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7.  **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

09232024_356

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____           _____
**KIMBERLY A HUGHES AKA KIMBERLY HUGHES**                    **Date**

_____           _____
**BRIAN D SHERR**                                            **Date**

This Document Prepared By:
LESLIE JERNIGAN
MIDFIRST BANK, A FEDERALLY CHARTERED
SAVINGS ASSOCIATION
501 N.W. GRAND BLVD
OKLAHOMA CITY, OK 73118

When Recorded Mail To:
FIRST AMERICAN TITLE
DTO REC., MAIL CODE: 4002
4795 REGENT BLVD
IRVING, TX 75063

Tax/Parcel #: 05406  00022
_____ [Space Above This Line for Recording Data] _____
                                        FHA Case No.: 3518340447703
                                        Loan No: (scan barcode)

# PARTIAL CLAIM MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on AUGUST 28, 2025. The mortgagor is KIMBERLY A HUGHES AKA KIMBERLY HUGHES AND BRIAN D SHERR ("Borrower"), whose address is 217 ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW JERSEY 08234. This Security Instrument is given to the Secretary of Housing and Urban Development, whose address is 451 Seventh Street SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of NINETY-EIGHT THOUSAND FORTY DOLLARS AND 41 CENTS (U.S. $98,040.41). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on SEPTEMBER 1, 2065.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in the County of ATLANTIC, State of NEW JERSEY:

which has the address of, 217 ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW JERSEY 08234 (herein "Property Address");

HUD-HAMP 09232024_356

Page 1



**LEGAL DESCRIPTION: SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Tax Parcel No. 05406  00022

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.  **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2.  **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.  **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4.  **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5.  **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6.  **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:



7. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act")(12 U.S.C. § 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or applicable law.



BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

_____

Borrower: **KIMBERLY A HUGHES AKA KIMBERLY HUGHES**          **Date** _____

_____

Borrower: **BRIAN D SHERR**          **Date** _____

_____[Space Below This Line for Acknowledgments]_____

## BORROWER ACKNOWLEDGMENT

State of **NEW JERSEY**

County of _____

I CERTIFY that on _____ (date), **KIMBERLY A HUGHES AKA KIMBERLY HUGHES, BRIAN D SHERR** personally came before me and acknowledged under oath to my satisfaction, that this person (or if more than one, each person):

    a)   is named in and personally signed the attached document; and

    b)   signed and delivered this document as his/her/their act and deed; and

_____

Signature of Notary Public

Notary Printed Name: _____
     (as it appears on stamp)

My commission expires: _____

**EXHIBIT A**

**BORROWER(S): KIMBERLY A HUGHES AKA KIMBERLY HUGHES AND BRIAN D SHERR**

**LOAN NUMBER: (scan barcode)**

**LEGAL DESCRIPTION:**

The land referred to in this document is situated in the CITY OF EGG HARBOR TOWNSHIP, COUNTY OF ATLANTIC, STATE OF NEW JERSEY, and described as follows:

BEGINNING AT A POINT IN THE SOUTHWESTERLY LINE OF ONTARIO AVENUE (50 FEET WIDE) COMMON TO LOTS 22 AND 23 IN BLOCK 5406 AS SHOWN ON A PLAN HEREINAFTER MENTIONED, SAID POINT ALSO BEING WESTWARDLY, ALONG SAID LINE OF ONTARIO AVENUE A TOTAL DISTANCE OF 265.00 FROM THE WESTERLY END OF A CURVE CONNECTING INTO THE WESTERLY LINE OF SUPERIOR ROAD (50 FEET WIDE), SAID CURVE HAVING A RADIUS OF 20.00 FEET AND EXTENDING; THENCE

1. SOUTH 25 DEGREES 13 MINUTES 16 SECONDS WEST, ALONG LOT 23, 100.00 FEET TO A POINT IN THE LINE OF LOTS 13 IN BLOCK 5406 (OPEN SPACE LAKE LOT); THENCE

2. NORTH 64 DEGREES 46 MINUTES 44 SECONDS WEST, ALONG THE LATTER, 65.00 FEET TO A POINT IN SAME AND COMMON TO REAR OF LOTS 21 AND 22 IN BLOCK 5406; THENCE

3. NORTH 25 DEGREES 13 MINUTES 16 SECONDS EAST, ALONG LOT 21, 100.00 FEET TO A POINT IN THE SOUTHWESTERLY LINE OF ONTARIO AVENUE; THENCE

4. SOUTH 64 DEGREES 46 MINUTES 44 SECONDS EAST, ALONG THE LATTER, 65.00 FEET TO THE POINT AND PLACE OF BEGINNING

BEING KNOWN AND DESIGNATED AS LOT 22 IN BLOCK 5406 AS SHOWN ON A CERTAIN MAP ENTITLED PLAN OF MAJOR SUBDIVISION OF MEADOW LAKE-PHASE FOUR, EGG HARBOR TOWNSHIP, ATLANTIC COUNTY, NEW JERSEY, WHICH MAP WAS FILED IN THE OFFICE OF THE CLERK OF ATLANTIC COUNTY ON 11/29/1995 AS FILED MAP NO. 3106.

HUD-HAMP 09232024_356



**ALSO KNOWN AS: 217 ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW JERSEY 08234**

HUD-HAMP 09232024_356



Date: AUGUST 28, 2025
Loan Number: (scan barcode)
Lender: SECRETARY OF HOUSING AND URBAN DEVELOPMENT

Borrower: KIMBERLY A HUGHES AKA KIMBERLY HUGHES, BRIAN D SHERR

Property Address: 217 ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW JERSEY 08234

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____     Date
Borrower
**KIMBERLY A HUGHES AKA KIMBERLY HUGHES**

_____     Date
Borrower
**BRIAN D SHERR**



Date: AUGUST 28, 2025
Loan Number: (scan barcode)
Lender: SECRETARY OF HOUSING AND URBAN DEVELOPMENT
Borrower: KIMBERLY A HUGHES AKA KIMBERLY HUGHES, BRIAN D SHERR
Property Address: 217 ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW JERSEY 08234

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of SECRETARY OF HOUSING AND URBAN DEVELOPMENT

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the replacement or correction of, any lost, misplaced, misstated or inaccurate document(s) or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____          _____
KIMBERLY A HUGHES AKA KIMBERLY HUGHES                         Date

_____          _____
BRIAN D SHERR                                                 Date



This Document Prepared By:
LESLIE JERNIGAN
MIDFIRST BANK, A FEDERALLY CHARTERED
SAVINGS ASSOCIATION
501 N.W. GRAND BLVD
OKLAHOMA CITY, OK 73118

When Recorded Mail To:
FIRST AMERICAN TITLE
DTO REC., MAIL CODE: 4002
4795 REGENT BLVD
IRVING, TX 75063

Tax/Parcel #: 05406  00022
_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| Original Principal Amount: $338,318.00 | FHA\VA Case No.:3518340447703 |
| Unpaid Principal Amount: $326,801.37 | MERS  Min: 100626900220011566 |
| New Principal Amount: $244,178.74 | MERS  Phone #: (888) 679-6377 |
| New Money (Cap): $15,417.78 | |

## LOAN MODIFICATION AGREEMENT (MORTGAGE)

This Loan Modification Agreement ("Agreement"), made this **28TH** day of **AUGUST, 2025**, between **KIMBERLY A HUGHES AKA KIMBERLY HUGHES AND BRIAN D SHERR** ("Borrower"), whose address is **217 ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW JERSEY 08234** and **MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION** ("Lender"), whose address is **501 N.W. GRAND BLVD, OKLAHOMA CITY, OK 73118**, and Mortgage Electronic Registration Systems, Inc. ("MERS") ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated **AUGUST 12, 2022** and recorded on **OCTOBER 4, 2022** in **INSTRUMENT NO. 2022052480 BOOK 15316 PAGE 1**, of the **OFFICIAL** Records of **ATLANTIC COUNTY, NEW JERSEY**, and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**217 ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW JERSEY 08234**
(Property Address)
the real property described being set forth as follows:

HUD-HAMP 09232024_356



**LEGAL DESCRIPTION: SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  As of, **SEPTEMBER 1, 2025** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$244,178.74**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest and other amounts capitalized, which is limited to escrows, and any legal fees and related foreclosure costs that may have been accrued for work completed, in the amount of U.S. **$15,417.78**.

2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **7.1250%**, from **SEPTEMBER 1, 2025**. The Borrower promises to make monthly payments of principal and interest of U.S. $ **1,539.62**, beginning on the 1ST day of **OCTOBER, 2025**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **SEPTEMBER 1, 2065** (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)  all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.  **If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.**

HUD-HAMP 09232024_356



6.  Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7.  Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8.  "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the Mortgagee of record under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

HUD-HAMP 09232024_356



In Witness Whereof, I have executed this Agreement.

Borrower: **KIMBERLY A HUGHES AKA KIMBERLY HUGHES**                    **Date**

Borrower: **BRIAN D SHERR**                    **Date**


[Space Below This Line for Acknowledgments]

## BORROWER ACKNOWLEDGMENT

State of **NEW JERSEY**

County of _____

I CERTIFY that on _____ (date), **KIMBERLY A HUGHES AKA KIMBERLY HUGHES, BRIAN D SHERR** personally came before me and acknowledged under oath to my satisfaction, that this person (or if more than one, each person):

  a)  is named in and personally signed the attached document; and
  b)  signed and delivered this document as his/her/their act and deed; and


Signature of Notary Public

Notary Printed Name: _____
        (as it appears on stamp)

My commission expires: _____

Mortgage Electronic Registration Systems, Inc., ("MERS"), is a separate corporation that is acting solely as a nominee for lender and lender's successors and assigns

By _____

_____

_____

Date

_____[Space Below This Line for Acknowledgments]_____

STATE OF _____

COUNTY OF _____) ss

I CERTIFY that on this _____ day of _____, 20____, _____
personally came before me and stated to my satisfaction that this person (or if more than one, each person):

    (a) Was the maker of the attached instrument;

    (b) Was authorized to and did execute this instrument as

        _____ of the company, the entity named in

        this instrument; and,

    (c) Executed this instrument as the act of the entity named in this instrument

Signed and sworn to before me on _____, 20____

_____

Notary Public

Printed Name: _____

My commission expires: _____

HUD-HAMP 09232024_356

In Witness Whereof, the Lender has executed this Agreement.

**MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION**


_____        _____
By                                      (print name)                                Date
                                        (title)

_____ [Space Below This Line for Acknowledgments] _____

STATE OF _____

COUNTY OF _____ ) ss

I CERTIFY that on this _____ day of_____, 20____, _____
personally came before me and stated to my satisfaction that this person (or if more than one, each person):

   (a) Was the maker of the attached instrument;

   (b) Was authorized to and did execute this instrument as

       _____ of the company, the entity named in this
       instrument; and,

   (c) Executed this instrument as the act of the entity named in this instrument


Signed and sworn to before me on _____, 20____


_____
Notary Public

Printed Name: _____

My commission expires: _____

## EXHIBIT A

**BORROWER(S): KIMBERLY A HUGHES AKA KIMBERLY HUGHES AND BRIAN D SHERR**

**LOAN NUMBER: (scan barcode)**

**LEGAL DESCRIPTION:**

The land referred to in this document is situated in the CITY OF EGG HARBOR TOWNSHIP, COUNTY OF ATLANTIC, STATE OF NEW JERSEY, and described as follows:

BEGINNING AT A POINT IN THE SOUTHWESTERLY LINE OF ONTARIO AVENUE (50 FEET WIDE) COMMON TO LOTS 22 AND 23 IN BLOCK 5406 AS SHOWN ON A PLAN HEREINAFTER MENTIONED, SAID POINT ALSO BEING WESTWARDLY, ALONG SAID LINE OF ONTARIO AVENUE A TOTAL DISTANCE OF 265.00 FROM THE WESTERLY END OF A CURVE CONNECTING INTO THE WESTERLY LINE OF SUPERIOR ROAD (50 FEET WIDE), SAID CURVE HAVING A RADIUS OF 20.00 FEET AND EXTENDING; THENCE

1. SOUTH 25 DEGREES 13 MINUTES 16 SECONDS WEST, ALONG LOT 23, 100.00 FEET TO A POINT IN THE LINE OF LOTS 13 IN BLOCK 5406 (OPEN SPACE LAKE LOT); THENCE

2. NORTH 64 DEGREES 46 MINUTES 44 SECONDS WEST, ALONG THE LATTER, 65.00 FEET TO A POINT IN SAME AND COMMON TO REAR OF LOTS 21 AND 22 IN BLOCK 5406; THENCE

3. NORTH 25 DEGREES 13 MINUTES 16 SECONDS EAST, ALONG LOT 21, 100.00 FEET TO A POINT IN THE SOUTHWESTERLY LINE OF ONTARIO AVENUE; THENCE

4. SOUTH 64 DEGREES 46 MINUTES 44 SECONDS EAST, ALONG THE LATTER, 65.00 FEET TO THE POINT AND PLACE OF BEGINNING

BEING KNOWN AND DESIGNATED AS LOT 22 IN BLOCK 5406 AS SHOWN ON A CERTAIN MAP ENTITLED PLAN OF MAJOR SUBDIVISION OF MEADOW LAKE-PHASE FOUR, EGG HARBOR TOWNSHIP, ATLANTIC COUNTY, NEW JERSEY, WHICH MAP WAS FILED IN THE OFFICE OF THE CLERK OF ATLANTIC COUNTY ON 11/29/1995 AS FILED MAP NO. 3106.

HUD-HAMP 09232024_356

**ALSO KNOWN AS: 217  ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW
JERSEY 08234**



Date: AUGUST 28, 2025
Loan Number: (scan barcode)
Lender: MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION

Borrower: KIMBERLY A HUGHES AKA KIMBERLY HUGHES, BRIAN D SHERR

Property Address: 217 ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW JERSEY 08234

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

| | |
|---|---|
| Borrower | Date |
| **KIMBERLY A HUGHES AKA KIMBERLY HUGHES** | |

| | |
|---|---|
| Borrower | Date |
| **BRIAN D SHERR** | |

09232024_356



Date: AUGUST 28, 2025
Loan Number: (scan barcode)
Lender: MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION
Borrower: KIMBERLY A HUGHES AKA KIMBERLY HUGHES, BRIAN D SHERR
Property Address: 217 ONTARIO AVE, EGG HARBOR TOWNSHIP, NEW JERSEY 08234

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the replacement or correction of, any lost, misplaced, misstated or inaccurate document(s) or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

| | |
|---|---|
| KIMBERLY A HUGHES AKA KIMBERLY HUGHES | Date |

| | |
|---|---|
| BRIAN D SHERR | Date |

